FILED

Nov 12 2024, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# IN THE
# Court of Appeals of Indiana

Ronald E. Davidhizar,

*Appellant-Petitioner*

v.

City of Goshen, Indiana,

*Appellee-Respondent*

---

November 12, 2024

Court of Appeals Case No.
23A-PL-2921

Appeal from the Elkhart Circuit Court

The Honorable Michael A. Christofeno, Judge

Trial Court Cause No.
20C01-2205-PL-93

---

**Opinion by Judge Pyle**
Judge Bailey and Senior Judge Crone concur.

**Pyle, Judge.**

## Statement of the Case

[1] Ronald E. Davidhizar ("Davidhizar") appeals the trial court's order denying his complaint for judicial review of the demolition order entered by the City of Goshen ("the City"). Davidhizar argues that the trial court erred by determining that his complaint for judicial review of the demolition order was untimely filed. Concluding that Davidhizar's complaint for judicial review was untimely filed, we affirm the trial court's judgment.

[2] We affirm.

## Issue

> Whether the trial court erred by determining that Davidhizar's
> petition for judicial review was untimely filed.

## Facts

[3] Davidhizar owns a residential building on East Clinton Street in Goshen, Indiana ("the Building"). In May 2021, part of the Building caught fire and was damaged.

[4] In September 2021, a building inspector from the City inspected the Building and noted violations of the City's housing code. Thereafter, on November 16, 2021, the City, via the City's Building Commission, issued an order finding that the Building was an unsafe building under Indiana's Unsafe Building Law in INDIANA CODE § 36-7-9-4 and directing Davidhizar to demolish the Building

("the demolition order"). The demolition order also provided that the order would be reviewed by the Goshen Board of Public Works ("the Board") at its hearing on December 6, 2021. Additionally, the demolition order informed Davidhizar that he had the right to appear at the review hearing and to present evidence and that, if he failed to appear, the hearing would be held in his absence.

[5] During the Board's December 6, 2021 hearing, Davidhizar appeared with counsel. At the conclusion of that hearing, the Board agreed that the Building was an unsafe building and ordered Davidhizar to secure the Building against the public or animals. The Board then issued a continuance for an additional hearing on January 24, 2022. The Board directed Davidhizar to hire a structural engineer to inspect the Building and to provide the report at the January 24 hearing.

[6] Neither Davidhizar nor his counsel appeared at the January 24 hearing. At the conclusion of the January 24 hearing, the Board affirmed the City's demolition order and ordered that the Building be demolished by March 31, 2022. The Board also allowed Davidhizar until February 7, 2022 to respond in writing. On January 26, 2022, the Board issued a written order and informed Davidhizar of the February 7 date to respond. The Board's order also informed Davidhizar that he was entitled to appeal the Board's order by filing a complaint for judicial review in the county circuit or superior court within ten days of the Board's actions. Davidhizar did not file a complaint for judicial review within ten days of the January 24 hearing.

[7] The Board then held compliance hearings on April 18, 2022 and May 2, 2022. Davidhizar was present at both hearings with his counsel. At the end of the May hearing, the Board upheld or reaffirmed its January 24, 2022 order to demolish the Building.

[8] Thereafter, on May 11, 2022, Davidhizar filed, with the trial court, a complaint for judicial review of the demolition order. The trial court held a judicial review hearing in November 2022. Subsequently, the trial court issued an order in which it concluded that Davidhizar's complaint for judicial review was untimely filed because he had failed to file it within ten days of the Board taking action at the January 24, 2022 hearing.[1] Davidhizar then filed a motion to correct error, which the trial court denied.

[9] Davidhizar now appeals.

## Decision

[10] Davidhizar argues that the trial court erred by determining that his complaint for judicial review was untimely filed. Davidhizar contends that he was not required to file his complaint for judicial review within ten days from the date of the January 24 hearing because the Board had extended him an "invitation" to respond to its decision to affirm the demolition order by February 7.

---

[1] The trial court also concluded that even if Davidhizar's complaint for judicial review had been timely filed, his request for judicial review failed on the merits. However, we need not review that part of the trial court's order because we affirm the trial court's judgment that Davidhizar failed to timely file his complaint for judicial review.

(Davidhizar's Br. 20). Instead, Davidhizar asserts that the date for him to file for judicial review was triggered at the May 2, 2022 compliance hearing when the Board upheld the demolition order. We disagree.

[11] "'The law is clear in Indiana that, where a statute sets forth a specific time period for filing an appeal from an administrative decision, one must timely file the appeal in order to invoke the jurisdiction of the court.'" *Van Meter v. Cmty. Dev. & Redevelopment*, 152 N.E.3d 22, 24 (Ind. Ct. App. 2020) (quoting *Starzenski v. City of Elkhart*, 659 N.E.2d 1132, 1136 (Ind. Ct. App. 1996), *trans. denied, cert. denied*). This appeal involves a demolition order issued by the City under Indiana's Unsafe Building Law. *See* IND. CODE § 36-7-9-1 to -29. In Indiana, "cities and towns have the authority to regulate the use of property to protect the health and safety of their residents." *Starzenski*, 659 N.E.2d at 1140. INDIANA CODE 36-7-9-5 provides that an "enforcement authority may issue an order requiring action relative to any unsafe premises," including "demolition" of an "unsafe building[.]" I.C. § 36-7-9-5(a)(6), (7). INDIANA CODE § 36-7-9-7(a) provides that a hearing authority must hold a hearing regarding certain orders, including demolition orders, issued by the enforcement authority. "At the conclusion of any [such] hearing [held by the hearing authority] *at which a continuance is not granted*, the hearing authority may make findings and take action to: (1) affirm the order; (2) rescind the order; or (3) modify the order[.]" I.C. § 36-7-9-7(d) (emphasis added). Following action taken by the hearing authority under INDIANA CODE § 36-7-9-7(d), a person may seek judicial review by "the circuit or superior court in which the unsafe premises are located[.]"

I.C. § 36-7-9-8(a). "A person requesting judicial review under this section must file a verified complaint including the findings of fact and the action taken by the hearing authority. The complaint *must be filed within ten (10) days* after the date when the action was taken." I.C. § 36-7-9-8(b) (emphasis added). An appeal for judicial review under INDIANA CODE § 36-7-9-8 "is an action de novo[,]" and the trial court "may affirm, modify, or reverse the action taken by the hearing authority." I.C. § 36-7-9-8(c).

[12]     In *Van Meter*, our Court explained that a property owner was required to file a complaint for judicial review within ten days from the date that the hearing authority had taken action by affirming the enforcement authority's demolition order during a review hearing. *Van Meter*, 152 N.E.3d at 25-26. In that case, the City, as the enforcement authority, had issued a demolition order to the property owner on August 6, 2019. The City also gave the owner until September 5, 2019 to "complete corrective measures and avoid demolition." *Id.* at 23. On August 19, 2019, the Board, as the hearing authority, held a review hearing of the August 6 demolition order. The property owner failed to appear at this hearing. At the conclusion of the hearing, the Board affirmed the demolition order and the "compliance deadline" of September 5. *Id.* The Board then held a status hearing on September 3, and it "reaffirmed" the demolition order and the September 5 deadline. *Id.* The property owner did not comply with the September 5 deadline, nor did he seek judicial review of the Board's August 19 order. The Board also held a compliance hearing on September 16, during which demolition proposals were presented. During a

regular Board meeting on October 7, the property owner asked the Board to stop the planned demolition of the property. The Board refused his request and upheld the demolition order. The following day, the property owner filed a complaint for judicial review of the demolition order with the trial court. The trial court determined that the property owner's complaint for judicial review was untimely because he had failed to file it within ten days of the August 19 hearing when the Board had taken action and affirmed the demolition order. *Id.* at 24.

[13] On appeal, the property owner argued that the date for him to file for judicial review was triggered at the October 7 hearing when the Board had reaffirmed the demolition order and had "essentially g[i]ve[n] him a new ten-day clock" to file his complaint for judicial review. *Id.* Our Court rejected the property owner's arguments. We explained that the Board had held the review hearing, as required by INDIANA CODE § 36-7-9-7, on August 19 and had taken action by affirming the demolition order without any continuances. *Id.* at 25-26. We further explained that the Board's subsequent hearings were in furtherance of its August 19 order and that the Board's reaffirmance of the demolition order at the October 7 hearing did not give the property owner a new ten-day clock to seek judicial review to appeal the demolition order. *Id.* at 26. Because the property owner had failed to seek judicial review within ten days of the August 19 hearing, we affirmed the trial court's determination that the owner's complaint for judicial review was untimely. *Id.* at 26-27.

[14]     Here, as in *Van Meter*, Davidhizar failed to timely file his complaint for judicial review. The City, acting as the enforcement authority, issued a demolition order to Davidhizar on November 16, 2021. The Board, acting as the hearing authority, held a hearing on December 6, 2021. At the conclusion of that hearing, the Board agreed that the Building was an unsafe building and then issued a continuance for an additional hearing on January 24, 2022. At the conclusion of the January 24 hearing, the Board affirmed the City's demolition order and ordered that the Building be demolished by March 31, 2022. The Board also allowed Davidhizar until February 7, 2022 to respond in writing. Additionally, the Board's order informed Davidhizar that he was entitled to appeal the Board's order by filing a complaint for judicial review in the county court within ten days. Davidhizar, however, did not file a complaint for judicial review within ten days of the January 24 hearing. Instead, he waited until May 11, 2022 to file his complaint for judicial review. As the trial court properly determined, the hearing contemplated by INDIANA CODE § 36-7-9-7 was held on January 24, 2022. No continuance was taken at this hearing, and the Board took action by affirming the City's demolition order. Contrary to Davidhizar's assertion, the trial court's subsequent compliance hearing on May 2, 2022 did not provide him with a new ten-day clock to seek judicial review to appeal the demolition order. *See Van Meter*, 152 N.E.3d at 26. Because Davidhizar failed to seek judicial review within ten days of the January 24 hearing, we affirm the trial court's determination that Davidhizar's complaint for judicial review was untimely filed. *See, e.g.*, *Van Meter*, 152 N.E.3d at 26-27. *See also Starzenski*, 659 N.E.2d at 1137 (explaining that a hearing authority took

action on the property owner's case at the conclusion of the hearing in which it affirmed the enforcement authority's order).  Accordingly, we affirm the trial court's judgment.

[15]     Affirmed.

Bailey, J., and Crone, Sr. J., concur.

ATTORNEY FOR APPELLANT

John William Davis, Jr.
Davis & Roose
Goshen, Indiana

ATTORNEY FOR APPELLEE

Donald R. Shuler
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana